UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR GOMEZ RAMIREZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | Case No. 2:17-cv-08201-SVW (SHK)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT RULES AND FAILURE TO PROSECUTE** |

## I.　　BACKGROUND AND SUMMARY OF ORDER

On October 21, 2017, Petitioner Edgar Gomez Ramirez ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Electronic Case Filing Number ("ECF No.") 1, Pet. Petitioner challenges his conviction and sentence on three grounds: (1) Petitioner alleges that he received ineffective assistance of counsel at the plea bargaining stage of the case by two different attorneys; (2) Petitioner alleges that his attorney, Victor Salas, advised him that the trial judge was willing to strike his prior if he gave up his right to a jury trial, but that when he did that, the trial judge did not strike his prior; and (3) Petitioner alleges that the People's witnesses gave different stories

in their testimonies at the preliminary hearing than they did at trial. ECF No 1, Pet. at 3-5.[1] Respondents filed a Motion to Dismiss the Petition on January 10, 2018. ECF No. 7, Ntc. of Mot. and Mot. to Dismiss Pet. Respondents argued that the Petition should be dismissed because it failed to name as a respondent the person having custody of him, and because Petitioner had not presented his claims to the California Supreme Court. Id. at 4-7. Indeed, Respondents' lodged documents reflect that the grounds in Petitioner's amended Petition were not raised in the Petition for Review before the California Supreme Court. ECF No. 8, Ntc. of Lodging ("Lodg.") 6.

On August 7, 2018, the Court issued an Order to Show Cause ("OSC") finding the Petition wholly unexhausted and directing Petitioner to address the exhaustion issue. ECF No. 17, OSC. Specifically, the Court directed Petitioner to address the exhaustion issue by electing from the following options no later than March 18, 2016: (1) explain in a response that he had actually exhausted state court remedies; (2) request a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines stay"); or (3) request a voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Id. at 4-5. Petitioner was instructed to respond no later than September 7, 2018. Id. at 4. The Court expressly warned "failure to timely file a response to this Order w[ould] result in dismissing this action be dismissed with prejudice for failure to comply with court orders and failure to prosecute." Id. at 5.

Petitioner did not file a timely response to the Court's August 7, 2018, OSC

---

[1] Petitioner also filed a Motion to Amend on January 16, 2018. ECF No. 9, Mot. to Amend. In his Motion to Amend, Petitioner sought to raise four grounds not alleged in the original Petition. Id. at 8-11. On February 21, 2018, Respondent opposed Petitioner's Motion to Amend on the basis that these four claims were unexhausted and, therefore, amendment would be futile. ECF No. 11, Opp'n to Mot. to Amend Pet. Petitioner filed a Reply to Respondent's Opposition on March 21, 2018, but did not address the exhaustion issue. ECF No. 14, Reply Br. On August 9, 2018, the Court denied Petitioner's Motion to Amend because he had failed to exhaust his new claims before the state supreme court. ECF No. 17, Order Denying Pet'r's Mot. to Amend.

2

and has failed to request an extension of time in which to do so. In light of Petitioner's failure to prosecute this matter diligently, the Court **DISMISSES** Petitioner's action pursuant to Federal Rule of Civil Procedure 41(b), without prejudice, for unreasonable delay in prosecuting this action in violation of Local Rule 41-1.

## II. DISCUSSION

### A. The Petition Is Dismissed For Want of Prosecution.

#### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted). It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's or petitioner's failure to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986). Further, Local Rule 41-1 provides that cases "pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (citation omitted); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

3

## 2. **Analysis**

Here, all five Omstead factors weigh in favor of dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Petitioner's failure to respond to the Court's OSC has stalled the litigation and impeded the Court's ability to efficiently address the cases before it. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed.

The third factor—prejudice to Respondents—also weighs in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the responding party when the plaintiff or petitioner unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). Here, Respondents have been served and timely filed a Motion to Dismiss. Consequently, Respondents have been presumptively been prejudiced.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Petitioner's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not fulfilled his responsibility to promptly address the deficiencies in his Petition or to otherwise communicate with the Court regarding extensions of time. Under such circumstances, the policy which favors resolution on the merits does not outweigh Petitioner's failure to prosecute or obey this Court's orders. Id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Petitioner's action without his participation or compliance to the Court's orders. Petitioner's refusal to comply with this Court's Orders and the Local Rules compels the conclusion that Petitioner has abandoned this action.

4

Accordingly, because the consideration of the Omstead factors weigh in favor of dismissal and demonstrate an unreasonable delay, this action is dismissed for want of prosecution.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, without prejudice.

Dated: July 15, 2019

HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge